UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., | No. C-04-3445 SC |
| Plaintiff, | |
| v. | ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| GRANT TSUJI, | |
| Defendant. | |

Plaintiff DIRECTV, Inc. ("Plaintiff") offers subscription-based television programming via a direct broadcast satellite system. Plaintiff brings this action against Defendant Grant Tsuji ("Defendant") for unauthorized reception of Plaintiff's satellite signal. Plaintiff's Complaint alleges four counts based on 47 U.S.C. § 605(a), 18 U.S.C. § 2520(a), 47 U.S.C. § 605(e)(4), and state tort law. Defendant has not filed any sort of responsive pleading nor responded in any other way to the complaint. The Court's Clerk entered default on December 21, 2004. Plaintiff now moves for entry of default judgment. Because this Court finds Plaintiff's Complaint lacking in several critical areas, the Motion is DENIED.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount

1  of damages, will be taken as true." Geddes v. United Fin. Group,
2  559 F.2d 557, 560 (9th Cir. 1977). Therefore, for purposes of
3  this Motion, the Court accepts as true the facts as portrayed in
4  the Complaint.

5  "However, entry of default does not automatically entitle the
6  non-defaulting party to entry of a default judgment regardless of
7  the fact that the effect of entry of a default is to deem
8  allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th
9  Cir. 1991). Rather, "the decision to enter a default judgment is
10 discretionary." Alan Neuman Productions, Inc. v. Albright, 862
11 F.2d 1388, 1392 (9th Cir. 1988). Among the factors which a trial
12 court is to consider when exercising its discretion as to entry of
13 a default judgment are "the merits of plaintiff's substantive
14 claim" and "the sufficiency of the complaint." Eitel v. McCool,
15 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, the Court does not
16 doubt the merits of DIRECTV's substantive claim. Therefore, entry
17 of default judgment in the matter at hand is appropriate only if
18 the complaint is sufficient.[1]

19 This Court finds that Plaintiff's Complaint itself is not
20 sufficient to support a grant of default judgment. In sum,

---

[1] This standard comports Judge Ware's Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed [sic] to Establish a *Prima Facie* Case Under Statutory Claims. In the Matter of DIRECTV, Inc. Cases Pending in the Northern District of California, 02-5912 JW, July 26, 2004. Judge Ware wrote that a court "has the discretion to consider DIRECTV to have met its burden of proof by the admissions of liability which accompany entry of default against each defendant ... the court also has power to require additional proof of any fact alleged in the complaint as the basis for liability." Id. at 11 (internal citations omitted).

2

Plaintiff has alleged mere possession of a Pirate Access Device ("Device") by Defendant, but none of the statutes put forth create liability for mere possession.[2]  Therefore, this Court declines to grant default judgment.

More specifically, the foundation of Plaintiff's claims is that Defendant purchased a Pirate Access Device that enables theft of Plaintiff's satellite signal.  The Complaint alleges that Defendant purchased a Device from a distributor in Florida, according to business records seized from the distributor. Complaint at 2.  The Complaint states, "On or about August 25, 2001, Defendant purchased a Pirate Access Device ... The device was shipped to Defendant at Defendant's former address in Alameda, California."  Id. at 4.

Other than the August 25 purchase, the Complaint contains only a series of general allegations that mimic the language of the statutes on which the Complaint is based. For example, the Complaint states, "Defendant has received and/or assisted others in receiving DIRECTV's satellite transmissions."  Id.  Or, the Complaint states, "Upon information and belief, Defendant knowingly manufactured, assembled, sold, distributed, or modified

---

[2] 47 U.S.C. § 605(a), among other prohibitions, states, "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 18 U.S.C. § 2520(a) states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. §§ 2510 et seq.] may in a civil action recover from the person or entity ... engaged in that violation."  47 U.S.C. § 605(e)(4) prohibits the manufacture, assembly, modification, import, export, sale and distribution of devices designed to steal satellite programming signals.

1  an electronic, mechanical or other device ... used primarily in
2  the assistance of the unauthorized decryption of satellite
3  programming." Id. at 6.  However, the Court finds that such
4  statements are nothing more than a recantation of the elements of
5  the statutes at issue.  Pursuant to its discretion under Rule 55
6  of the Federal Rules of Civil Procedure, the Court holds that
7  given the instant facts, allegations that merely repeat verbatim
8  the elements of a statute, without any factual basis, are
9  insufficient to support a grant of default judgment.
10      The Court notes that Plaintiff has submitted evidence
11  regarding the lack of legitimate uses for the Device.  Declaration
12  of Jaime Sichler at 2.  However, such evidence says nothing about
13  whether or not Defendant engaged in activities beyond mere
14  possession of the Device.
15      Case law supports a denial of default judgment.  For example,
16  in looking at § 605(a), in DIRECTV, Inc. v. Hyatt, a district
17  court in Michigan held that "it is not enough for a plaintiff
18  merely to show that a defendant possessed equipment capable of
19  intercepting a communication in order to show that the defendant
20  actually received or intercepted the plaintiff's communication."
21  302 F. Supp. 2d 797, 803 (W.D. Mich. 2004).  Similarly, though a
22  different legal standard than that applicable here, when
23  confronted with a summary judgment motion by a defendant who
24  claims mere possession, a plaintiff is required to provide at
25  least circumstantial evidence of the interception.  DIRECTV, Inc.
26  v. Hendrix, No. 02-6493, 2003 U.S. Dist. LEXIS 26284, at *9-10
27  (E.D. Cal. Sept. 9, 2003).  With regards to 18 U.S.C. § 2520(a)
28

4

1  the Eleventh Circuit has held, "Possession of a pirate access
2  device alone, although a criminal offense, creates nothing more
3  than conjectural or hypothetical harm to DTV ... liability created
4  by section 2520(a) is confined to illegal interceptions,
5  disclosures, and uses of electronic communications." DIRECTV v.
6  Treworgy, 373 F.3d 1124, 1127 (11th Cir 2004).  Finally, with
7  regards to 47 U.S.C. § 605(e)(4), which prohibits the manufacture,
8  assembly, modification, import, export, sale and distribution of
9  devices designed to steal satellite programming signals, "[c]ourts
10 have held that § 605(e)(4) targets upstream manufacturers and
11 distributors, not ultimate consumers of pirating devices, and the
12 mere purchase and use of Pirate Access Devices does not constitute
13 a violation of the statute." DIRECTV, Inc. v. Carpenter, No. 03-
14 5247, 2005 U.S. Dist. LEXIS 5124, at *17 (N.D. Cal. March 11,
15 2005).  Based on this case law, the Court declines to grant
16 default judgment on the three causes of action brought pursuant to
17 federal statutes.
18     In the Fourth Cause of Action, Plaintiff puts forth a state-
19 law conversion claim, alleging, "By possessing and using Pirate
20 Access Devices, Defendant has unlawfully converted to his own use
21 and benefit property belonging to DIRECTV." Complaint at 6.
22 However, mere possession alone of a Device cannot be the basis of
23 a conversion claim because the Device in question was never the
24 property of Plaintiff.  Facts alleging use by the Defendant might
25 support a conversion claim, but as above, the Court finds
26 Plaintiff's alleged facts with respect to usage to be
27 insufficient.
28

5

Notwithstanding this denial of Plaintiff's Motion for Default Judgment, this Court emphasizes that theft of a television signal is no less serious than theft of any tangible chattel. Through the above statutes, Congress has established a framework for pursuing claims based on such thefts. Therefore, although this Court has denied Plaintiff's Motion, the Court will allow Plaintiff 30 days from the date of this Order to file an amended complaint. Should Plaintiff choose to submit an amended Complaint, the Court encourages Plaintiff to offer circumstantial evidence of actions by Defendant going beyond mere possession. The Court recognizes that due to the unresponsiveness of Defendant, Plaintiff is unable to conduct discovery. However, Plaintiff is free to submit circumstantial evidence that does not depend on an opposing party's cooperation, such as evidence of multiple purchases or declarations detailing observations of satellite dishes outside of the location at which process was served on Defendant.[3]

In sum, even if this Court takes as true every fact in Plaintiff's Complaint and Motion Brief, the Complaint is insufficient to support an entry of default judgment. Therefore, Plaintiff's Motion for Default Judgment is hereby DENIED. As instructed above, Plaintiff has 30 days from the date of this

///

///

---

[3] The Court merely gives these as examples of what might constitute circumstantial evidence of actions going beyond mere possession. The Court is not suggesting that such evidence actually exists with regards to the Defendant.

6

Order to submit an amended complaint.  Should Plaintiff choose not to submit an amended complaint, the matter will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: May  18 , 2005

                                       /s/ Samuel Conti
                                       UNITED STATES DISTRICT JUDGE