UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., | ) No. C-04-3445 SC |
| Plaintiff, | ) |
| | ) ORDER RE: PLAINTIFF'S |
| v. | ) RENEWED MOTION FOR |
| | ) <u>DEFAULT JUDGMENT</u> |
| GRANT TSUJI, | ) |
| Defendant. | ) |

Plaintiff DIRECTV, Inc. ("Plaintiff") offers subscription-based television programming via a direct broadcast satellite system.  Plaintiff brings this action against Defendant Grant Tsuji ("Defendant") for unauthorized reception of Plaintiff's satellite signal.  Plaintiff's Amended Complaint alleges three counts based on 47 U.S.C. § 605(a), 18 U.S.C. § 2520(a), and state tort law.[1]

Defendant has not filed any sort of responsive pleading nor responded in any other way to the Complaints.  The Court's Clerk entered default on December 21, 2004.  The Court denied Plaintiff's first motion for default judgment on May 18, 2005, finding that though Plaintiff had presented evidence that

---

[1] Plaintiff has not renewed his claim under 47 U.S.C. § 605(e)(4).

Defendant possessed an illegal pirating device, Plaintiff had not offered evidence that Defendant had illegally intercepted Plaintiff's transmissions. The Court held that Defendant's mere possession of such a device was insufficient to support a grant of default judgment. The Court, however, granted Plaintiff leave to file an amended complaint, directing Plaintiff to present at least circumstantial evidence of use by Defendant of the pirating device to intercept Plaintiff's transmissions. Plaintiff timely filed an amended complaint ("Amended Complaint"), and now moves again for entry of default judgment. Because this Court finds that Plaintiff's Amended Complaint fails to offer sufficient evidence, the Motion is DENIED.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, for purposes of this Motion, the Court accepts as true the facts as portrayed in the Complaint.

"However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Rather, "the decision to enter a default judgment is discretionary." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Among the factors which a trial court is to consider when exercising its discretion as to entry of a default judgment are "the merits of plaintiff's substantive

2

claim" and "the sufficiency of the complaint." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, the Court does not doubt the merits of DIRECTV's substantive claim. Therefore, entry of default judgment in the matter at hand is appropriate only if the complaint is sufficient.[2]

This Court finds that Plaintiff's Amended Complaint itself is not sufficient to support a grant of default judgment. In sum, Plaintiff again has alleged mere possession of a Pirate Access Device ("Device") by Defendant, but none of the statutes on which Plaintiff's claims are based create liability for mere possession.[3] Therefore, this Court declines to grant default judgment.

More specifically, the foundation of Plaintiff's claims is that Defendant purchased a Pirate Access Device that enables theft

---

[2] This standard comports with Judge Ware's Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed [sic] to Establish a *Prima Facie* Case Under Statutory Claims. In the Matter of DIRECTV, Inc. Cases Pending in the Northern District of California, 02-5912 JW, July 26, 2004. Judge Ware wrote that a court "has the discretion to consider DIRECTV to have met its burden of proof by the admissions of liability which accompany entry of default against each defendant ... the court also has power to require additional proof of any fact alleged in the complaint as the basis for liability." Id. at 11 (internal citations omitted).

[3] 47 U.S.C. § 605(a), among other prohibitions, states, "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 18 U.S.C. § 2520(a) states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. §§ 2510 et seq.] may in a civil action recover from the person or entity ... engaged in that violation."  47 U.S.C. § 605(e)(4) prohibits the manufacture, assembly, modification, import, export, sale and distribution of devices designed to steal satellite programming signals.

3

1 of Plaintiff's satellite signal. The Amended Complaint alleges
2 that Defendant purchased a Device from a distributor in Florida,
3 according to business records seized from the distributor.
4 Amended Complaint at 2-3, 4. The Amended Complaint states, "On or
5 about August 25, 2001, Defendant purchased a Pirate Access Device
6 ... The device was shipped to Defendant at Defendant's former
7 address in Alameda, California." Id. at 4.

8 Other than the August 25 purchase, the Amended Complaint,
9 like the first Complaint, contains only a series of general
10 allegations that mimic the language of the statutes on which the
11 Complaint is based. For example, the Amended Complaint states,
12 "Defendant has received and/or assisted others in receiving
13 DIRECTV's satellite transmissions." Id. at 5. Or, the Amended
14 Complaint states, "By using Pirate Access Devices to decrypt and
15 view DIRECTV's satellite transmissions, Defendant...intercepted
16 [or] endeavored to intercept...DIRECTV's satellite transmission."
17 Id. at 5-6. However, the Court finds that such statements are
18 nothing more than a recantation of the elements of the statutes
19 under which the claims arise. Pursuant to its discretion under
20 Rule 55 of the Federal Rules of Civil Procedure, the Court holds
21 that given the instant facts, allegations that merely repeat
22 verbatim the elements of a statute, without any factual basis, are
23 insufficient to support a grant of default judgment.

24 The Court notes that the Plaintiff has submitted evidence
25 that the Device is "primarily designed...to be used in order to
26 gain unauthorized access to DIRECTV satellite programming."
27 Declaration of Kent Mader at 11. The Court further notes that

28
4

1  Plaintiff has submitted evidence that "[p]urchase and use of [the
2  Device] is a clear indication of the customers' [sic] eagerness to
3  continue illegal access...[and] indicates that the person
4  purchasing it already possessed one or more illegally modified
5  DIRECTV access cards." Id. at 12.  However, while the Court finds
6  that there is evidence of possession, an inference that Defendant
7  used the Device for its alleged primary purpose is conjecture
8  unsupported by any additional evidence.
9      Case law supports a denial of default judgment.  For example,
10 in looking at § 605(a), in DIRECTV, Inc. v. Hyatt, a district
11 court in Michigan held that "it is not enough for a plaintiff
12 merely to show that a defendant possessed equipment capable of
13 intercepting a communication in order to show that the defendant
14 actually received or intercepted the plaintiff's communication."
15 302 F. Supp. 2d 797, 803 (W.D. Mich. 2004).  Similarly, though
16 governed by a different legal standard than that applicable here,
17 when confronted with a summary judgment motion by a defendant who
18 claims mere possession, a plaintiff is required to provide at
19 least circumstantial evidence of actual interception. DIRECTV,
20 Inc. v. Hendrix, No. 02-6493, 2003 U.S. Dist. LEXIS 26284, at *9-
21 10 (E.D. Cal. Sept. 9, 2003).
22     As for the claim under 18 U.S.C. § 2520(a), the Eleventh
23 Circuit has held that "[p]ossession of a pirate access device
24 alone, although a criminal offense, creates nothing more than
25 conjectural or hypothetical harm to DTV...liability created by
26 section 2520(a) is confined to illegal interceptions, disclosures,
27 and uses of electronic communications." DIRECTV v. Treworgy, 373

**United States District Court**
For the Northern District of California

5


F.3d 1124, 1127 (11th Cir 2004).

In the Third Cause of Action, Plaintiff puts forth a state-law conversion claim, alleging that "[b]y possessing and using Pirate Access Devices, Defendant has unlawfully converted to his own use and benefit property belonging to DIRECTV." Amended Complaint at 6. However, mere possession alone of a Device cannot be the basis of a conversion claim because the Device in question was never the property of Plaintiff. Facts indicating use by the Defendant might support a conversion claim, but as above, the Court finds Plaintiff's alleged facts with respect to usage to be insufficient.

In sum, even if this Court takes as true every fact in Plaintiff's Amended Complaint and Renewed Motion Brief, the Amended Complaint is insufficient to support an entry of default judgment. Therefore, Plaintiff's Renewed Motion for Default Judgment is hereby DENIED.

IT IS SO ORDERED.

Dated: September 14, 2005

_____
UNITED STATES DISTRICT JUDGE